# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| CURTIS DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| DERELL D. HARRIS, | ) |
| | ) |
| Intervenor Plaintiff, | ) |
| | ) |
| SHANE HUMPHRIES, | ) |
| | ) |
| Intervenor Plaintiff, | ) |
| | ) |
| DEREK JOHNSON, | ) |
| | ) |
| Intervenor Plaintiff, | ) |
| | ) |
| TABITHA SMITH, | ) |
| | ) |
| Intervenor Plaintiff, | ) |
| | ) |
| HEATHER LENTZ, | ) |
| | ) |
| Intervenor Plaintiff, | ) |
| | ) |
| WILLIAM SHANKLIN, | ) |
| | ) |
| Intervenor Plaintiff, | ) |
| | ) |
| THOMAS GARNER, | ) |
| | ) |
| Intervenor Plaintiff, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

| | |
|---|---|
| EDDIE M. BROWN, )<br>)<br>Intervenor Plaintiff, )<br>)<br>v. )<br>)<br>MAR-JAC POULTRY AL, LLC, )<br>)<br>Defendants. ) | Case No. 6:18-cv-01433-LSC |

**MEMORANDUM OF OPINION**

## I. INTRODUCTION

Before the Court is Derell D. Harris, Shane Humphries, Derek Johnson, Tabitha Smith, Heather Lentz, William Shanklin, Thomas Garner, and Eddie M. Brown's ("Intervenors") Motion to Intervene. (Doc. 203.) In the Motion, Intervenors ask to either intervene as of right under Rule 24(a)(2) or, in the alternative, to intervene under Rule 24(b)(1). (*Id.* at 1, 10.) Fed. R. Civ. P. 24(a)(2), 24(b)(1). By intervening they intend to either appeal the Court's denial of class certification under Rule 23(b)(3) and "serve as additional or supplemental class representatives of the class certified under Rule 23(b)(2)" or, in the alternative, to pursue their individual claims "on an individual, non-class basis." (*Id.* at 1.) Fed. R. Civ. P. 23(b).

For the reasons stated below, the Motion to Intervene under Rule 24(a)(2) is due to be DENIED and the Motion to Intervene under Rule 24(b)(1) is due to be GRANTED IN PART and DENIED IN PART.

2

## II.   BACKGROUND

This case was filed by Curtis Davis, an African-American male, on September 4, 2018. (Doc. 1.) Davis asserted three causes of action based on his unsuccessful application for employment at Mar-Jac's poultry-processing plant in January 2018: Count I: Title VII – Disparate Impact; Count II: Title VII and § 1981 – Intentional Disparate Treatment; and Count III: Title VII – Punitive Damages. (Doc. 29.) He further sought to represent a putative class of non-Hispanic applicants whose applications were likewise rejected by Mar-Jac under both Rule 23(b)(2), for injunctive and declaratory relief, and Rule 23(b)(3), for monetary damages.

On March 30, 2021, the Court denied certification of either type of class. (Doc. 122.) The Court determined that all the requirements of Rule 23(a) were satisfied. (*Id.* at 28.) However, regarding the Rule 23(b)(3) class, the Court found that individual issues predominated issues common to the class for both the disparate treatment and disparate impact claims. (*Id.* at 32.) For the Rule 23(b)(2) class, the Court denied certification because Davis had not shown how injunctive or declaratory remedies would provide relief to the entire class. (*Id.* at 34.)

On August 5, 2021, the Court reconsidered class certification. (Doc. 131.) In that Opinion, the Court determined that certification under Rule 23(b)(3) remained inappropriate because individual issues predominated. (*Id.* at 6.) But the Court found

that an injunctive and declaratory relief class was due to be certified under Rule 23(b)(2). (*Id.*) Therefore, the Court certified the following Rule 23(b)(2) class:

> All persons not of Hispanic race and or origin seeking employment on or after February 22, 2016 in unskilled positions on the production floor of Mar-Jac's Jasper Plant, and not hired within 45-days after seeking such employment.

(*Id.*) The Court again reconsidered on January 19, 2024, but once again the Court denied class certification under Rule 23(b)(3). (Doc. 183.)

On August 8, 2024, the Court approved the parties' agreed upon settlement and entered judgment on the class claims in accordance with the parties' stipulation. (Doc. 202.) On September 3, 2024, the Intervenors filed this Motion to Intervene. (Doc. 203.)

### III. DISCUSSION

A. Rule 24(a) intervention as of right

A party has a "right" to intervene, under Rule 24(a), if he "establish[es] that '(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing

parties to the suit.'" *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302-03 (11th Cir. 2008) (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)); Fed. R. Civ. P. 24(a). In short, Rule 24(a)(2) intervention as a right requires showing: timeliness, "adequate interest, a possible impairment of that interest and lack of adequate representation of that interest by existing parties." *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986).

First, timeliness. When the purpose of intervening is to appeal a court's denial of class certification, the intervention is timely when brought within the deadline to appeal the court's final judgment in the case. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 396 (1977) (finding intervention timely because it was "within the time period in which the named plaintiffs could have taken an appeal" and did not seek to assert individual claims). Next, a party's interest in the subject matter of the litigation must be "direct, substantial and legally protectable." *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1249 (11th Cir. 2002). And the party's ability to protect their interest must be impaired absent intervention. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) (finding the interest of intervenors seeking to intervene in named plaintiff's individual suit would be sufficiently impaired by negative stare decisis effect for the named plaintiff's case because "one court's ruling on whether the bank's policy, as a matter of law, was in violation of the ADEA could influence later suits.") Finally, in the context of Rule 24(a)

5

intervention, courts "presume adequate representation when an existing party seeks the same objectives as the would-be interveners. But the presumption is weak" and can be overcome with any evidence to the contrary. *Clark v. Putnam Cnty.*, 168 F.3d 458 (11th Cir. 1999) (internal citations omitted). *See also Stone v. First Union Corp.*, 371 F.3d 1305, 1312 (finding the presumption of adequate representation was overcome when the court had denied class certification because the named plaintiff was "not an adequate representative plaintiff for class action purposes because the plaintiffs do not have sufficiently similar claims against the bank.").

In their Motion, Intervenors heavily rely on *United Airlines*, arguing they "stand in the same post-judgment posture as the putative class members in United Airlines, who were held to have the right to intervene to appeal the denial of class certification after entry of a final judgment making that adverse determination appealable." (Doc. 203 ¶ 5.) In *United Airlines*, the district court denied class certification but allowed twelve members of the putative class to intervene into the named plaintiff's individual suit. *United Airlines*, 432 U.S. at 388. The court determined the joint suit plaintiffs were entitled to backpay and entered a judgment of dismissal after determining the specific amount of backpay owed. *Id.* at 389. Once the final judgment was entered and the joint suit plaintiffs chose to not appeal the denial of class certification, putative class members moved to intervene, under Rule 24(b), to appeal the denial of class certification. *Id.* at 390. The district court denied

the motion to intervene as untimely, but the Seventh Circuit reversed finding the motion *was* timely. *Id.* The question of the intervention's timeliness went to the Supreme Court, which affirmed the Seventh Circuit because the intervenor "filed her motion [to intervene] within the time period in which the named plaintiffs could have taken an appeal." *Id.* at 396.

Here, Intervenors are correct that under *United Airlines* their Motion to Intervene is timely because they filed within the thirty-day deadline for the named plaintiffs to appeal. But *United Airlines* concerned a motion for permissive intervention under Rule 24(b), not a Rule 24(a) intervention as of right. *United Airlines* establishes that Intervenors' Motion was timely, but that is only one of four required elements for Rule 24(a)(2) intervention. Putting all their eggs in the *United Airlines* basket, Intervenors failed to direct the Court to evidence or caselaw supporting the other requirements for Rule 24(a)(2) intervention: their interest in the subject of the action, how their ability to protect that interest will be impaired, or how they are inadequately represented. *Id.*

In addition to Intervenors' failure to establish all the elements of Rule 24(a)(2) intervention, a glance at the merits of the claim also suggests intervention as of right is due to be denied. Namely, Intervenors could not overcome the presumption of adequate representation by the named plaintiffs. *See Clark, supra*. While the Court denied Rule 23(b)(3) class certification in this case, the Court granted Rule 23(b)(2)

class certification, which required finding the named plaintiff adequately represented the class. (Doc. 122 at 32; Doc. 131 at 6, 8; Doc. 183.) Intervenors admit they are members of this certified class. (Doc. 203 ¶ 1.) Thus, unlike the intervenors in *Stone*, who had been denied any class certification because the named plaintiff's claims were too different from their own, the Court here found the named plaintiff *does* adequately represent the Intervenor's interest.[1] (Doc. 122 at 27-28; Doc. 122 at 15, n. 7.) *See Stone*, 371 F.3d at 1310.

Because Intervenors failed to present evidence of all Rule 24(a)(2) requirements and because Intervenors' interests are adequately represented by the named plaintiff, Intervenors' Motion to Intervene under Rule 24(a)(2)—either to appeal the class certification denial or to pursue individual claims—is due to be DENIED.

B. Rule 24(b) permissive intervention

Determining permissive intervention, under Rule 24(b)(1)(B), is a "two-stage process. First the district court must decide whether 'the applicant's claim or defense and the main action have a question of law or fact in common.' If this threshold is met, then the district court must exercise its discretion in deciding whether

---

[1] Additionally, the Court notes that counsel for Intervenors is the same counsel that represented the named plaintiff.

intervention should be allowed." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977) (internal citations omitted). Fed. R. Civ. P. 24(b)(1). "In exercising its discretion, the court shall consider, among other things, whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Walker v. Jim Dandy Co.*, 747 F.2d 1360, 1365 (11th Cir. 1984). *See United Airlines*, 432 U.S. at 394-95 (finding defendant was not unfairly prejudiced "simply because an appeal on behalf of putative class members was brought by" an unnamed putative class member "rather than by one of the original named plaintiffs" when defendant was on notice of the "possibility of classwide liability"); *see also Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 282 (2022) (quoting *United Airlines*, 432 U.S. at 394) (reversing denial of intervention in part because the existing party was not prejudiced by an intervenor raising arguments the original party could have raised). Courts also consider "prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied." *Stallworth*, 558 F.2d 257, 265.

Here, Intervenors seek to intervene either to appeal the denial of class certification under Rule 23(b)(3) as additional class representatives or to pursue their individual claims.

Intervenors' Motion to Intervene for the purposes of pursuing individual claims is not timely. When the Court denied class certification (March 2021), the statute of limitations on Intervenors' individual claims began to run. *See Armstrong*

9

*v. Martin Marietta Corp.*, 138 F.3d 1374, 1378 (11th Cir. 1998) (holding "the tolling of the statute of limitations ceases when the district court enters an interlocutory order denying class certification.") Based on this, the proper time for the Intervenors to intervene to assert their individual claims has long passed and Rule 24(b)(1) intervention for that purpose is not proper.

However, as discussed above, under the precedent of *United Airlines*, Intervenors' Motion to Intervene for the purpose of appealing the denial of class certification is timely. Additionally, because this suit was initiated as a class action, Defendant Mar-Jac was on notice of the "possibility of classwide liability." Because Intervenors are members of the putative class, Defendant Mar-Jac should not be caught unaware by a member of the class seeking to appeal the denial of class certification now that a final judgment has been entered in the case.[2] While Defendant Mar-Jac would not be prejudiced by the Court granting the Motion to Intervene to appeal denial of class certification, Intervenors would be prejudiced by the Motion being denied. Specifically, if Intervenors are not allowed to intervene into the action, their opportunity to appeal the denial of class certification would

---

[2] In their Motion, Intervenors cite the Order granting the parties' Stipulation for Final Judgment and Injunction. (Doc. 202.) Specifically, the Order explicitly "does not bind, affect, or preclude class members' right to assert or further pursue any and all rights, claims, causes of action, and/or other relief that they had, may have had or still have in the absence of this Judgment." (Doc. 202 at 10.)

evaporate.[3] This is like *United Airlines* where the unnamed putative class members sought to intervene when the named putative class members chose to not appeal the denial. *See United Airlines*, *supra*.

Because the Motion is timely, for the purpose of appealing, and because granting the Motion would not prejudice Defendant Mar-Jac but denying it would prejudice Intervenors, the Motion to Intervene under Rule 24(b)(1) is due to be GRANTED for the *limited purpose* of appealing the denial of class certification.

## C. Conclusion

For the reasons stated above, the Motion to Intervene under Rule 24(a)(2) is due to be DENIED and the Motion to Intervene under Rule 24(b)(1) is due to be GRANTED IN PART and DENIED IN PART.

**DONE** and **ORDERED** on September 6, 2024.

L. Scott Coogler
United States District Judge
220595

---

[3] In Opposition to the Motion, Defendant Mar-Jac cites *Allen v. AT&T Mobility Svcs.*, 104 F.4th 212 (11th Cir. 2024), arguing that the denial of class certification is not appealable because a final judgment was not entered in the case. Determining the appellate jurisdiction over this issue is a matter for the appellate court, not this Court, to decide.

11